FILED

SEP 27 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY STANBERY, | ) 06CV5242 |
| Plaintiff, | ) JUDGE BUCKLO |
| -vs- | ) MAG. JUDGE VALDEZ |
| CSX TRANSPORTATION, INC. a corporation, | ) TRIAL BY JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT

The plaintiff, BOBBY STANBERY, by his attorneys, Robert E. Harrington, Jr., Patrick J. Harrington and Daniel W. Pisani of HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., complaining of defendant, CSX TRANSPORTATION, INC., hereinafter CSXT, states:

1. The jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The defendant, CSXT, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court.

3. At the time of the accident and injury alleged herein, plaintiff was employed by defendant as a conductor and his duties as such were in furtherance of interstate commerce for defendant. At said time, both plaintiff and defendant were subject to the Act of Congress known as the Federal Employer's Liability Act, 45 U.S.C. §51 *et seq.*, amendments thereto and the Code of Federal Regulations.

4. That on or about September 30, 2003 plaintiff was injured while working for defendant at or near the City of Louisville in the State of Kentucky.

5. At said place and time, plaintiff was assigned by defendant CSXT to work as a conductor trainee in defendant's Osborn Yard, Louisville, Kentucky.

6. Plaintiff was assigned to a crew that was performing various switching maneuvers in the yard. As part of his duties, plaintiff and the conductor in charge of his crew were riding on the side of a railcar that was being shoved down a track. At that time, the engineer who was operating the locomotive that was shoving the railcar was instructed by the conductor in charge to slow the locomotive because the train was approaching other railcars that were positioned on the same track. Despite being instructed to slow down, the engineer failed to slow the movement of railcars. The Plaintiff and the conductor in charge realized that the railcar they were riding was on a direct course to collide with the other railcars on the track. The conductor in charge then ordered the plaintiff to jump off of the moving railcar to avoid the impending collision. The plaintiff did jump off the railcar onto the ground and was thereby caused to be injured.

7. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant's business, and it was defendant's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to use reasonable safe methods in its switching operations; to stop the movement of cars to avoid a collision; to stop the movement of cars when radio communications were not maintained; to inspect, maintain, and service radio equipment; and it was defendant's absolute duty to comply with Code of Federal Regulations 49 C.F.R. Part 220, Radio Communications.

8. At the time and place alleged, defendant, notwithstanding its duties to plaintiff, was guilty of unlawful conduct and was careless and negligent in one or more of the following particulars and thereby caused injury to plaintiff:

- a) In failing to exercise ordinary care to furnish plaintiff with a reasonably safe in which to work;
- b) In failing to use reasonable safe methods in its switching operations;
- c) In failing to stop the movement of cars to avoid a collision with other railcars on the track;
- d) In failing to comply with the instructions of the conductor in charge to slow down the movement of cars;
- e) In failing to comply with the instructions of the conductor in charge to stop the movement of cars;
- f) In failing to stop the movement of cars when continuous radio contact was not maintained;
- g) In failing to inspect, maintain, and service radio equipment;
- h) In failing to comply with Code of Federal Regulations 49 C.F.R. Part 220, Radio Communications;
- i) In failing to comply with Code of Federal Regulations 49 C.F.R. Part 220.49, Radio communication used in shoving, backing or pushing movements;
- j) In failing to warn plaintiff when timely warning would have averted injury to him.

9. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant.

WHEREFORE, plaintiff BOBBY STANBERY prays for a judgment of damages against defendant CSX TRANSPORTATION, INC. in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
HARRINGTON, THOMPSON, ACKER &
HARRINGTON, LTD.
Attorneys for Plaintiff
180 North Wacker Drive
Third Floor
Chicago, Illinois 60606
(312) 332-8811